IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| CHESTER LAWRENCE PRICE, JR., | ) ) ) | Cause No. CV 09-108-GF-SEH-RKS |
| Petitioner, | ) ) | |
| vs. | ) ) | FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA; MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) ) ) ) | |
| Respondents. | ) ) | |

_____

On November 9, 2009, Petitioner Chester Lawrence Price filed this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He was convicted by a jury of sexual intercourse without consent and sentenced to serve 40 years in prison. Pet. (doc. 1) at 2-3 ¶¶ 1-7; Order ¶ 2, State v. Price, No. 03-066 (Mont. Dec. 30, 2003) (unpublished decision). He is a

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 1

state prisoner proceeding pro se.

On February 17, 2010, Petitioner was ordered to show cause why Grounds 2 and 4-8 of his petition should not be dismissed with prejudice as procedurally defaulted. He responded on April 23, 2010.

## I. Petitioner's Allegations

Petitioner's first and third grounds for relief assert that appellate counsel was ineffective. He acknowledges that the Montana Supreme Court agreed and provided him a new appeal, but he contends the court "reversed relief and denied new appeal on the same grounds." Pet. at 4 Ground 1; see also id. at 5 Ground 3.

Petitioner also alleges that there was DNA evidence that did not match either the victim or him, that an expert testified that there should be more testing, and that "transcripts . . . [refer] to four people tested, but expert witness says three," Pet. at 4 Ground 2, id. at 11; that there were inconsistent statements by various witnesses, id. at 5 Ground 4; that a search warrant was improperly modified and unlawfully executed, id. at 6 Ground 5; that the evidence taken at the hospital was not sealed properly, id. Ground 6; that the police failed to investigate fully because

they did not interview his wife, id. at 7 Ground 7; and that too much time – an hour and forty-five minutes – elapsed between the victim's departure from his house and the report to the police, id. Ground 8.

## II. Analysis

### A. Procedural Default of Grounds 2 and 4-8

Grounds 2 and 4-8 of the petition are procedurally barred. State courts are entitled to hear a habeas petitioner's claims before a federal court does. 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Rose v. Lundy, 455 U.S. 509, 522 (1982). Petitioner did not raise Grounds 2 or 4-8 in his first direct appeal, in his postconviction appeal, or in his second direct appeal. Pet. at 6-11 (subparagraphs (2)-(5) as to each of Grounds 2 and 4-8). Petitioner could no longer raise them in state court. Mont. Code Ann. § 46-21-105(2) (2009). They are procedurally defaulted. Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

Petitioner contends that the ineffectiveness of his first appellate counsel constitutes cause for his default. This claim was not presented to the Montana Supreme Court and so may not serve as cause. Edwards v.

Carpenter, 529 U.S. 446, 451-53 (2000). Moreover, Petitioner complains that his attorney "all but told petitioner he knows what he is doing and the ultimate decision on what to put in the brief was up to the attorney." Resp. to Order (doc. 9) at 3. That is exactly what attorneys are supposed to do. Jones v. Barnes, 463 U.S. 745, 751-54 (1983).

None of the evidence presented by Petitioner establishes a likelihood that "no reasonable juror would have found [him] guilty beyond a reasonable doubt" if the errors of which he complains had not been committed. Schlup v. Delo, 513 U.S. 298, 327 (1995); see also Majoy v. Roe, 296 F.3d 770 (9th Cir. 2002).

Grounds 2 and 4-8 are procedurally defaulted, and Petitioner has failed to excuse the default. They should be dismissed with prejudice.

### B. Grounds 1 and 3

Petitioner's first claim for relief alleges "ineffective assistance of counsel . . . when representing him on appeal." Pet. at 4 Ground 1. He adds that the Montana Supreme Court "granted relief of new appeal, then reversed relief and denied new appeal on same grounds." Id. He also appears to claim that the rule of stare decisis was violated. Id. at 5

Ground 3.

The Montana Supreme Court found that appellate counsel was ineffective for failing to present the issue of Petitioner's exclusion from several in-chambers conferences. As a result, its confidence in the outcome of his direct appeal was undermined. State v. Price, 207 P.3d 298, 301 ¶ 18 (Mont. 2009). It redressed the error by hearing a new appeal on that claim. Id. at 302-05 ¶¶ 20-44. The fact that it found no prejudice does not show any ineffectiveness on counsel's part. Further, even assuming the doctrine of stare decisis could provide a basis for relief under 28 U.S.C. § 2254, it was not violated here, because the Montana Supreme Court did not reach two different, incompatible holdings. Grounds 1 and 3 should be denied on the merits.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. To obtain a certificate, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 5

Cockrell, 537 U.S. 322, 338 (2003).

Here, Petitioner presents no open questions and nothing on which reasonable jurists could disagree. The law underlying denial of his procedurally defaulted claims, Grounds 2 and 4-8, is well-established, and there is no doubt that Petitioner fails to excuse his default.

Grounds 1and 3 rely on a finding the Montana Supreme Court did not make. On postconviction appeal, the court found that its confidence in the outcome of Petitioner's direct appeal was undermined, and it permitted Petitioner to file a new appeal raising his claim that he was unfairly excluded from certain in-chambers conferences during trial. But, when it addressed that claim on the merits, it found Petitioner was not prejudiced by his exclusion. The Montana Supreme Court fully redressed appellate counsel's ineffectiveness. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATIONS

1. Grounds 1 and 3 of the Petition (doc. 1) should be DENIED on the merits.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 6

2. Grounds 2 and 4-8 should be DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

3. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must keep the Court informed of his current mailing address.</u> Failure to do so may result in dismissal of the case without notice

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 7

to him.

    DATED this 26th day of April, 2010.

                                    */s/ Keith Strong*
                                    Keith Strong
                                    United States Magistrate Judge